**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Amina Hussein-Day**
**Administratrix of the Estate of Christopher Day, deceased**
193 Fairway Drive
Nocona, TX 76255

Vs. :
:

Jesse L. Crain,
4416 3rd Avenue
Los Angeles, CA 90043

And

Wooden Goose Trucking, LLC
I l5 Hunters Woods Drive
Simpsonville, SC 29680
:
And

Kevin Richardson
I l5 Hunters Woods Drive
Simpsonville, SC 29680

And

Metro Trailer Leasing, Inc.
1255 S. River Industrial Blvd SE
Atlanta. GA 30315

**PLAINTIFF'S COMPLAINT**

Plaintiff, Amina Hussein-Day, by and through his attorney, David Brian Rodden, Esquire, brings this cause of action against the above-named Defendants, and in support thereof, state the following:

## I. PARTIES

1. Plaintiff, Amina Hussein-Day- Administratrix of the Estate of Christoper Day- decedent, is a citizen of the State of Texas residing at 193 Fairway Drive, Nocona, TX 76255.

.

2. Defendant, Wooden Goose Trucking, LLC is a corporation, acting and existing under the laws of the State of South Carolina with a principle place of business located at the above captioned address and at all times material hereto owned, maintained and controlled a 2017 Cascadia, VIN # 3AKJGDR0HSHY5026, US Dot #04179830, SC License Plate # A005291, involved in the collision hereinafter described.

3. Defendant, Kevin Richardson is an adult individual, acting and existing under the laws of the State of South Carolina located at the above captioned address and at all times material hereto owned, maintained and controlled a 2017 Cascadia, VIN # 3AKJGDR0HSHY5026, US Dot #04179830, SC License Plate # A005291, involved in the collision hereinafter described.

4. Defendant, Metro Trailer Leasing, Inc. corporation, acting and existing under the State of Georgia with a principle place of business located at the above captioned address and at all times material hereto, was the owner of a trailer identified as a 2023 Trailer, TN Tag #246384T, VIN#3H3V532K0PS448543 which trailer was being hauled by the tractor owned by Defendant Wooden Goose Trucking, LLC and Kevin Richardson and operated by Defendant Jesse Crain..

5. Defendant, Jesse L. Crain, was the agent, servants, employee and/or independent and/or sub-contractor of Defendants and was acting in the course and scope of his agency, employment, contractual obligations and/or relationship with Defendant Wooden Goose Trucking, LLC, Metro Leasing, Inc. and Kevin Richardson individually, jointly and/or severally.is a citizen of the State Los Angeles, CA, and at all times material hereto, was the agent, servant, work-person and/or employee of Defendants and, therefore, the permissive operator.

## II. JURISDICTION and VENUE

6. Jurisdiction in this matter is premised upon 28 USC §1332(a)(2) in that the Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00.

7. Plaintiff is a citizen of the State of Texas.

8. Defendant, Wooden Goose Trucking, LLC is a corporation of the State of South Carolina with a business address at I l5 Hunters Woods Drive, Simpsonville, SC 29680.

9. Defendant, Kevin Richardson is a citizen of the State of South Carolina with a business address at I l5 Hunters Woods Drive Simpsonville, SC 29680.

10. Defendant, Jesse L. Crain, is a citizen of the State of California with an address of 4416 3rd Avenue, Los Angeles, CA, and at all times material hereto, was the agent, servant, work-person and/or employee of Defendants. and, therefore, the permissive operator.

11. Defendant, Metro Trailer Leasing, Inc. is a corporation of the State of Georgia with a business address at 1255 S. River Industrial Blvd SE, Atlanta. GA 30315.

## III. FACTS

12. On or about April 30, 2024, decedent, Christopher Day, a 42 year old male, was operating a motorcycle on Main Street at or near its intersection of West Philadelphia Street and Belvedere Avenue in the County of York, Commonwealth of Pennsylvania, when Defendant Jesse Crain, operating the aforementioned tractor trailer did suddenly and without warning entered the path of Plaintiff, causing a crash to occur, causing Plaintiff to sustain injuries which ultimately resulted in his death.

13. The accident occurred when Defendant Jesse Crain, carelessly, negligently, recklessly, and without warning, struck Plaintiff while under the influence of narcotics in violation of 75 Pa.C.S.A. §3802.

14. As a direct and proximate cause of the Defendants' negligence, Plaintiff sustained personal injuries more fully set forth at length below.

**COUNT I**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT JESSE CRAIN**
**NEGLIGENCE**

15. Plaintiff incorporates by reference the preceding paragraphs as if same were set forth herein at length.

16. The aforesaid accident was caused solely by the negligence and carelessness of the Defendant, Jesse Crain, by:

(a) Failing to keep proper lookout
(b) Failing to have said motor vehicle in proper and adequate control at all times
(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;
(d) Operating said motor vehicle in a reckless manner, without regard for the rights and safety of those lawfully on the road
(e) Failing to exercise due and proper care;
(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;
(g) Failing to stop said motor vehicle before striking Plaintiff
(h) Carless driving in violation of the Pennsylvania motor vehicle code;
(i) Driving at unsafe speed;
(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;
(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;
(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;
(m) Engaging in conversation and/or discussion with occupants of the Defendant's vehicle which caused him to be distracted at the time of the accident
(n) Being unfamiliar with the accident location area

(o) Operating his vehicle at an excessive rate of speed under the circumstances;
(p) Failing to keep a proper lookout;
(q) Failing to keep an assured clear distance ahead;
(r) Failing to yield;
(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways;
(t) Being otherwise negligent under the circumstances; and
(u) Improper and illegal lane change
(v) Operating vehicle while under the influence of narcotics in violation of 75 Pa.C.S.A. §3802

17. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

18. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

19. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT WOODEN GOOSE TRUCKING, LLC**
**NEGLIGENCE**

20. Plaintiff incorporates by reference the preceding paragraphs as if same were set forth herein at length.

21. The aforesaid accident was caused solely by the negligence and carelessness of the Defendant, Wooden Goose Trucking, LLC, by:

(a) Failing to keep proper lookout
(b) Failing to have said motor vehicle in proper and adequate control at all times
(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;
(d) Operating said motor vehicle in a reckless manner, without regard for the rights and safety of those lawfully on the road
(e) Failing to exercise due and proper care;
(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;
(g) Failing to stop said motor vehicle before striking Plaintiff
(h) Carless driving in violation of the Pennsylvania motor vehicle code;
(i) Driving at unsafe speed;
(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;
(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;
(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;
(m) Engaging in conversation and/or discussion with occupants of the Defendant's vehicle which caused him to be distracted at the time of the accident
(n) Being unfamiliar with the accident location area
(o) Operating his vehicle at an excessive rate of speed under the circumstances;
(p) Failing to keep a proper lookout;
(q) Failing to keep an assured clear distance ahead;

(r) Failing to yield;

(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways;

(t) Being otherwise negligent under the circumstances; and

(u) Improper and illegal lane change

(v) Operating vehicle while under the influence of narcotics in violation of 75 Pa.C.S.A. §3802

22. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

23. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

24. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT III– NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, AMINA HUSSAIN-DAY v. DEFENDANT, WOODEN GOOSE TRUCKING, LLC**

25. Plaintiffs incorporate by reference the preceding paragraphs as if same were set forth herein at length.

26. The accident was caused solely by the negligence and carelessness of the Defendant, individually, jointly and/or severally, and consisted of, but was not necessarily limited to the following:

(a) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant did not possess the necessary skills to do so;

(b) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant possessed dangerous propensities;

(c) Allowing Defendant, Jesse Crain, to operate their vehicle, without knowing said Defendant’s skills or ability to drive;

(d) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant was not privileged to do so under Pennsylvania law.

27. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

28. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

29. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing

detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT WOODEN GOOSE TRUCKING, LLC**
**NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**

30. The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

31. Defendant Wooden Goose Trucking, LLC, as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a tractor trailer in the Commonwealth of Pennsylvania.

32. At all times herein mentioned, Defendant Jesse Crain, was acting as the agent, servant and/or employee of the Defendant, Wooden Goose Trucking, LLC and therefore, Defendant's acts were attributable to Defendant.

33. Defendant Wooden Goose Trucking, LLC's actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant Jesse Crain constitutes reckless and wanton conduct.

34. Defendant, Wooden Goose Trucking, LLC., caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;
(b) Failing to exercise proper care and/or supervision over and/or establish proper

monitoring and supervision policies for their employees and/or agents;

(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;

(d) Failing to implement and/or enact policies and procedures against inattentive driving;

(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;

(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT V – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, AMINA HUSSAIN-DAY v. DEFENDANT, KEVIN RICHARDSON**

35. Plaintiffs incorporate by reference the preceding paragraphs as if same were set forth herein at length.

36. The accident was caused solely by the negligence and carelessness of the Defendant, individually, jointly and/or severally, and consisted of, but was not necessarily limited to the following:

(a) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant did not possess the necessary skills to do so;

(b) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant possessed dangerous propensities;

(c) Allowing Defendant, Jesse Crain, to operate their vehicle, without knowing said Defendant's skills or ability to drive;

(d) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant was not privileged to do so under Pennsylvania law.

37. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

38. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

39. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT KEVIN RICHARDSON**
**NEGLIGENCE**

40. Plaintiff incorporates by reference the preceding paragraphs as if same were set forth herein

at length.

41. The aforesaid accident was caused solely by the negligence and carelessness of the Defendant, Kevin Richardson in that

(a) Failing to keep proper lookout
(b) Failing to have said motor vehicle in proper and adequate control at all times
(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;
(d) Operating said motor vehicle in a reckless manner, without regard for the rights and safety of those lawfully on the road
(e) Failing to exercise due and proper care;
(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;
(g) Failing to stop said motor vehicle before striking Plaintiff
(h) Carless driving in violation of the Pennsylvania motor vehicle code;
(i) Driving at unsafe speed;
(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;
(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;
(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;
(m) Engaging in conversation and/or discussion with occupants of the Defendant’s vehicle which caused him to be distracted at the time of the accident
(n) Being unfamiliar with the accident location area
(o) Operating his vehicle at an excessive rate of speed under the circumstances;
(p) Failing to keep a proper lookout;
(q) Failing to keep an assured clear distance ahead;
(r) Failing to yield;
(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways;
(t) Being otherwise negligent under the circumstances; and
(u) Improper and illegal lane change

42. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

43. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

44. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate

**COUNT VII**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT KEVIN RICHARDSON**
**NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**

45. The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

46. Defendant Kevin Richardson, as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a tractor trailer in the Commonwealth of Pennsylvania.

47. At all times herein mentioned, Defendant Jesse Crain, was acting as the agent, servant and/or employee of the Defendant, Kevin Richardson and therefore, Defendant's acts were attributable to Defendant.

48. Defendant Kevin Richardson actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant Jesse Crain constitutes reckless and wanton conduct.

49. Defendant, Kevin Richrdson., caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;
(b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their employees and/or agents;
(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;
(d) Failing to implement and/or enact policies and procedures against inattentive driving;
(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;
(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;
(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;
(h) Failing to exercise reasonable care in the selection or training of its employees
(i) Failing to implement and/or enact policies and procedures against distracted driving;
(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, AMINA HUSSAIN-DAY v. DEFENDANT, METRO TRAILER LEASING, INC.**

50. Plaintiffs incorporate by reference the preceding paragraphs as if same were set forth herein at length.

51. The accident was caused solely by the negligence and carelessness of the Defendant, individually, jointly and/or severally, and consisted of, but was not necessarily limited to the following:

(a) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant did not possess the necessary skills to do so;

(b) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant possessed dangerous propensities;

(c) Allowing Defendant, Jesse Crain, to operate their vehicle, without knowing said Defendant's skills or ability to drive;

(d) Allowing Defendant, Jesse Crain, to operate their vehicle, knowing that said Defendant was not privileged to do so under Pennsylvania law.

52. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

53. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

54. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT IX**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT METRO TRILER LEASING, INC.**
**NEGLIGENCE**

55. Plaintiff incorporates by reference the preceding paragraphs as if same were set forth herein at length.

56. The aforesaid accident was caused solely by the negligence and carelessness of the Defendant, Metro Trailer Leasing, Inc. in that

(a) Failing to keep proper lookout
(b) Failing to have said trailer in proper and adequate control at all times
(c) Operating said trailer in a careless manner, without regard to the rights and safety of those lawfully upon the road;
(d) Operating said trailer in a reckless manner, without regard for the rights and safety of those lawfully on the road
(e) Failing to exercise due and proper care;
(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;
(g) Failing to stop said trailer before striking Plaintiff
(h) Carless driving in violation of the Pennsylvania motor vehicle code;
(i) Driving at unsafe speed;
(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;
(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;

(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;

(m) Engaging in conversation and/or discussion with occupants of the Defendant's vehicle which caused him to be distracted at the time of the accident

(n) Being unfamiliar with the accident location area

(o) Operating his vehicle at an excessive rate of speed under the circumstances;

(p) Failing to keep a proper lookout;

(q) Failing to keep an assured clear distance ahead;

(r) Failing to yield;

(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of trailer on public highways;

(t) Being otherwise negligent under the circumstances; and

(u) Improper and illegal lane change

57. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered significant injuries which resulted in death of Plaintiff.

58. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered.

59. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, diminution and depreciation of his earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or

severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT X**
**PLAINTIFF, Amina Hussein-Day, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER DAY vs. DEFENDANT METRO TRILER LEASING, INC.**
**NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**

60. The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

61. Defendant Metro Trailer Leasing, Inc., as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a tractor trailer in the Commonwealth of Pennsylvania.

62. At all times herein mentioned, Defendant Jesse Crain, was acting as the agent, servant and/or employee of the Defendant, Metro Trailer Leasing, Inc and therefore, Defendant's acts were attributable to Defendant.

63. Defendant Metro Trailer Leasing, Inc.'s actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant Jesse Crain constitutes reckless and wanton conduct.

64. Defendant, Metro Trailer Leasing, Inc.'s, caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;
(b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their employees and/or agents;
(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;
(d) Failing to implement and/or enact policies and procedures against inattentive driving;
(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;
(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road.

**WHEREFORE**, Plaintiff, Amina Day-Hussain, Administratrix of the Estate of Christopher Day, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI-WRONGFUL DEATH**
**PLAINTIFF vs. DEFENDANTS**

65. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as fully as though the same were fully set forth at length herein.

66. Plaintiff brings this action pursuant to 42 Pa. C.S.A. §8301 and Pa. R.C.P. 2202(a) as the personal representative on behalf of decedent, Christopher Day and on his own behalf, and on behalf of those entitled to law to recover damages for the wrongful death of decedent, Christopher Day.

67. The names and addresses of all persons who may be legally entitled to recover damages for the death of Decedent, Christopher Day, and their relationship to decedent, Robert Snyder, are as follows:

| **Name** | **Address** | **Relationship** |
|---|---|---|
| Erica Day | 118 Lister Avenue, Falconer, NY 14733 | Daughter |
| Monica Day | 105 W. Main Street, Sheffield, PA 16347 | Daughter |
| Monica Day | 2848 Cobham Park Road, Warren, PA 16365 | Daughter |
| Chantel Day | 1226 E. Philadelphia Street, York, PA 17404 | Daughter |

Christopher Day 1366 W. Market, 3 Floor Apt., York PA 17404 Son

68. On or about April 30, 2024, Decedent, Christopher Day, was operating a motorcycle one Main Street at or near its intersection of West Philadelphia Street and Belvedere Avenue in the City of Philadelphia, Commonwealth of Pennsylvania, when Defendant Jesse Crain, operating the aforementioned tractor trailer did suddenly and without warning entered the path of Plaintiff, causing a crash to occur, causing Plaintiff to sustain injuries which ultimately resulted in his death.

69. As a result of the injuries sustained in the accident, Plaintiff suffered serious injuries to his body ultimately in resulting in his death on April 30, 2024.

70. The aforesaid accident was due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

71. As a direct and proximate result of the negligence of defendants , as aforesaid, Plaintiff claims all lawful damages for all persons entitled by law to recover, including medical expenses, funeral expenses, estate administration expenses, loss of Decedent's care, comfort and society, mental suffering, which Decedent/Plaintiff and his children underwent as a result of Decedent's death, loss of Decedent monetary contributions, loss of Decedent's services, loss of prospective net accumulations of Decedent's estate, loss of the value of Decedent's life, and such other damages as are permissible in a wrongful death action..

**WHEREFORE**, Plaintiff demands judgment against defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interests, damages for delay and costs, including reasonable attorney fees, and such other relief as this Honorable Court may deem just and appropriate.

**COUNT XII– SURVIVAL ACTION**

**PLAINTIFF vs. DEFENDANTS**

72. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as fully as though the same were fully set forth at length herein.

73. Plaintiff brings this survival action under 20 Pa. C.S.A. §3373 and 42 Pa. C.S.A. §8302.

74. As a direct and proximate result of the negligence of defendants, as set forth above, plaintiff, claims on behalf of Decedent's estate, all damages recoverable by law, including pain and suffering, which the Decedent underwent prior to his death, loss of earnings and future earning capacity suffered by the Decedent; Decedent's loss of retirement and Social Security income; Decedent's other financial losses suffered as a result of his death; deprivation of Decedent's normal activities, pursuits and pleasures; and other damages.

RODDEN RODDEN & BRESLIN

By: ____*David Brian Rodden*_________
David Brian Rodden, Esquire
Attorney for Plaintiff

Dated: January 22, 2025

# VERIFICATION

David Brian Rodden, Esquire, attorney for Plaintiff in the foregoing matter, hereby verifies that he has been authorized to take this Verification on his client's behalf; is familiar with the facts and circumstances surrounding this matter; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

Further, he is aware that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification made to authorities.

__________*David Brian Rodden*___________________
David Brian Rodden

Dated: January 22, 2025